IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JANET MARIE ROHLOFF**,<br><br>  Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC**<br>    and<br>**EQUIFAX INFORMATION SERVICES, LLC**<br>    and<br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>    and<br>**CLIENT SERVICES, INC.**<br><br>  Defendants. | )<br>)<br>) **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Janet Marie Rohloff against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 et seq., as amended, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereafter the "FDCPA"), and other state laws.

## THE PARTIES

2. Plaintiff Janet Marie Rohloff is an adult individual residing at 365 South 6th Street, St. Helens, Oregon 97051.

3. Defendant, Trans Union, LLC (hereafter "TU"), is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant, Equifax Information Services, LLC (hereafter "Equifax") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5. Defendant, Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant, Client Services, Inc., (hereafter "Client Services") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business located at 3451 Harry S. Truman Blvd., St. Charles, MO 63301. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, 28 U.S.C. §1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Defendants TU, Equifax and Experian have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes, but is not limited to, an account with LVNV Funding, LLC, HSBC Bank, HSBC/RS, Kohls/Chase, SST/Columbus Bank and Trust, Target NB, Bank of America, MCYDSNB, WFNNB/Justice, BAC Home Loans Services, Chase,

Citicorp Trust Bank, First Mutual Savings Bank, First USA Bank, GEMB/Walmart, Radio/CBSD, Randolph Savings Bank, US Bank, Verizon New England, Wendover Financial Services Corp., and other personal information.

11. Additionally, at all pertinent times hereto, Defendant Client Services was hired to collect a debt relating to a credit card with Target Financial Services (hereafter the "debt").

12. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

13. At all times material hereto, Plaintiff does not and has never owed a debt to Target Financial Services.

14. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

15. Defendants TU, Equifax and Experian have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

16. In or around March 2011, Defendant Credit Services contacted Plaintiff in an attempt to collect the debt with the intent to annoy, abuse, and harass. During these conversations, Plaintiff advised Defendant Credit Services that she does not owe the debt and to cease contacting her.

17.     Notwithstanding the above, in or around March 2011, Defendant Credit Services sent Plaintiff a dunning letter in an attempt to collect the debt after being advised by Plaintiff that she did not owe the debt and requested to cease being contacted.

18.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer for the purpose of acquiring anything other than location information about the consumer.

19.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

20.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

21.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by misrepresenting the character, amount, or legal status of any debt.

23.     Defendant Credit Services acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

24.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

25. Defendants knew or should have known that their actions violated the FCRA and FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, headaches, loss of sleep, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT I – DEFENDANTS TU, EQUIFAX AND EXPERIAN VIOLATIONS OF THE FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times pertinent hereto, TU, Equifax and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

31. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

32. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II – CREDIT SERVICES VIOLATIONS OF THE FDCPA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b, 1692b(3), 1692c(b), 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

  (a) Communicating with any person other than the consumer for the purpose of acquiring anything other than location information;

  (b) Communicating with a non-debtor on more than one occasion;

  (c) Communicating with any person other than the consumer in connection with the collection of a debt;

  (d) Misrepresenting the character, amount, or legal status of any debt;

  (e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

  (f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

41. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT III – CREDIT SERVICES
## INVASION OF PRIVACY

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Defendant's conduct, including but not limited to repeatedly contacting Plaintiff in an attempt to collect a debt after being advised that Plaintiff did not owe the debt and to cease contact, constitutes an invasion of privacy.

44. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

45. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 1692k(a)(3);

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark Mailman*
MARK MAILMAN, ESQUIRE
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: August 4, 2011            Attorneys for Plaintiff